NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 3, 2019[*]
Decided June 4, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-3520

| | |
|---|---|
| CHLORIS C. HALL, <br>  *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18 C 1349 |
| AUTHOR SOLUTIONS, et al., <br>  *Defendants-Appellees.* | Ronald A. Guzmán, <br> *Judge.* |

## O R D E R

Chloris Hall believes that the television series *Empire* infringed on her copyrights in her novel *Girl You Ain't Gonna Make It: So They Said*, her audiobook *I'm Breaking Through*, and her audiobook's cover. She brought this copyright action against Author Solutions LLC d/b/a AuthorHouse and Xlibris (the self-publishing services provider that Hall used to publish her book) and Twentieth Century Fox Film Corporation (the creator of *Empire*). *See* 17 U.S.C. §§ 501–13. The district court dismissed her complaint

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

for failing to state a claim and entered final judgment against Hall on August 9, 2018. Approximately two weeks later, Hall moved the court to reconsider its decision. *See* FED. RS. CIV. P. 59(e), 60(b).

The same day that she moved for reconsideration, Hall also moved for leave to file an amended complaint, *see* FED. R. CIV. P. 15(a)(2), in which she would add various state-law claims. The district court first denied Hall's motion for reconsideration on October 11. Then, on November 13, the court denied her motion to amend her complaint, concluding that Hall's claims against Twentieth Century Fox were futile and that it lacked diversity jurisdiction over the state-law claims against Author Solutions. The court patiently gave Hall another opportunity (her third) to replead and include jurisdictional allegations. But on November 27, Hall instead asked the court again to reconsider its earlier dismissal, and she also filed a notice of appeal.

In an interim order, we ruled that this appeal is limited to review of the district court's order denying her request for leave to amend. As we explained in that order, Hall filed the notice of appeal after the deadline for appealing from the underlying dismissal of her complaint, and the district court did not extend the time limit. *See* FED. RS. APP. P. 4(a), 26(b).

Hall nevertheless devotes most of her appellate brief to arguing the merits her complaint. True, the district court might have given Hall the usual opportunity to amend her complaint before entering judgment against her. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). But the limited scope of this appeal precludes us from reviewing anything other than the district court's denial of her request to amend, and we conclude that the court did not abuse its discretion. "When there has been an entry of final judgment, a complaining party may amend a complaint … only after that party has successfully altered or amended the judgment … or the judgment has been vacated …." *Spiegel v. McClintic*, 916 F.3d 611, 619 (7th Cir. 2019) (internal quotation and citation omitted); *see also Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 18 (D.C. Cir. 2015) ("Since the court declined to set aside the judgment under Rule 59(e), it properly concluded that [the plaintiff's] motion to amend under Rule 15(a) was moot."). Because the district court entered final judgment and denied Hall's motion to reconsider, it could not then allow Hall to revive her suit with an amended complaint.

AFFIRMED